# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

AARON LEE DURNING.

    Petitioner,

v.   Case No. 3:20-cv-5529-LC-MJF

MARK INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Aaron Lee Durning, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition for failure to exhaust state court remedies. (Doc. 11). Durning has not responded in opposition to the motion. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter and that the petition should be dismissed for Durning's failure to satisfy the habeas exhaustion requirement.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND AND PROCEDURAL HISTORY

Durning is an inmate of the Florida penal system currently confined at the Northwest Florida Reception Center in Chipley, Florida. Durning is serving a life sentence imposed by the Escambia County Circuit Court in Case No. 2015-CF-5376, for the first-degree premeditated murder of Lisa Barberi. (Doc. 11, Ex. B1 at 64-66 (superseding indictment); Ex. B2 (trial transcript); Ex. B1 at 380-86 (judgment and sentence)). The Florida First District Court of Appeal ("First DCA") affirmed Durning's judgment and sentence on June 6, 2019, *per curiam* and without written opinion. *Durning v. State*, 275 So. 3d 552 (Fla. 1st DCA 2019) (copy at Doc. 11, Ex. B9).

On March 31, 2020, Durning filed a *pro se* motion to correct jail credit under Florida Rule of Criminal Procedure 3.801, in the state circuit court. (Doc. 11, Ex. B3). The state court granted the motion on April 17, 2020, and it directed the clerk of the court to amend the judgment and sentence to reflect that Durning was awarded 697 days of jail credit instead of the 695 days originally awarded. (Doc. 11, Ex B4). An Amended Order of Judgment and Sentence was filed on April 28, 2020, awarding Durning the additional two days of jail credit. (Doc. 11, Ex. B5). Durning did not appeal the amended judgment and sentence. (Doc. 11, Ex. A).

Durning filed his federal habeas petition on June 3, 2020. (Doc. 1). Durning's petition raises four claims of ineffective assistance of trial counsel. (*Id.* at 9-15). Durning concedes that all of his claims are unexhausted. (*Id.* at 11, 17; *see also* Doc. 7 (motion to stay conceding failure to exhaust)). Durning explains:

> Currently waiting for COVID-19 quarantine and restrictions in the prison to allow the filing of a challenge in state court (Rule 3.850).
>
> . . . .
>
> Due to the COVID-19 virus, the defendant has not been able to access the law library since March 13, 2020. Therefore requires the filing of the premature motion to preserve his timelines.

(Doc. 1 at 11, 17).

On September 4, 2020, Durning filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, in the state circuit court. (Doc. 11, Ex. B11). The same day that Durning filed his Rule 3.850 motion, he filed a motion in this court seeking to hold his § 2254 petition in abeyance pending exhaustion of his state remedies. (Doc. 7). The undersigned denied the motion without prejudice as premature, because the State had not filed a response to Durning's petition. (Doc. 8).

On November 6, 2020, the State filed its response. (Doc. 11). The State moves to dismiss Durning's petition for failure to exhaust state court remedies. (*Id.*). The

State asserts that all of Durning's claims are unexhausted and that his state postconviction proceeding is still pending. (*Id*. at 4).

Durning's deadline to file a response to the motion to dismiss was January 25, 2021. (Doc. 14). To date, he has not filed a response.

## II. DISCUSSION

A state prisoner must exhaust available state court remedies before presenting his claims to a federal habeas court. *See* 28 U.S.C. § 2254(b); *Davila v. Davis*, 582 U.S. ___, 137 S. Ct. 2058, 2064 (2017). The Supreme Court explained the purpose of the exhaustion requirement in *O'Sullivan v. Boerckel*:

> [T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . [so] state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

526 U.S. 838, 845 (1999). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). When a petitioner files his federal habeas petition prior to exhausting his state court remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *See Rose v. Lundy*, 455 U.S. 509,

519-20 (1982). In Florida, in order to obtain relief on a claim of ineffective assistance of trial counsel, not only is the filing of a motion for postconviction relief required, but also an appeal from the denial of the motion. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979).

It is undisputed that all of the claims Durning raises in his § 2254 petition are unexhausted, and that some or all of them are pending in Durning's state postconviction proceeding. The online state-court docket entries in Durning's underlying criminal case and postconviction appeal confirm that fact. (*See* Attach. 1, 2).[2] Because the state courts have not had a "full and fair opportunity" to rule on Durning's constitutional claims, *O'Sullivan*, 526 U.S. at 845, this proceeding should be dismissed without prejudice to allow exhaustion.

---

[2] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the online state-court docket entries in Durning's underlying criminal case and postconviction appeal. Under Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). State court records of an inmate's postconviction proceedings generally satisfy this standard. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-53 (11th Cir. 2020).

### III. A STAY IS NOT WARRANTED

Durning has not renewed his request to hold his petition in abeyance. Even if he had done so, a stay would not have been warranted in this case. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court explained that the "stay-and-abeyance" procedure "should be available only in limited circumstances," and that the procedure only is appropriate when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

Durning's petition alleges that he did not exhaust his claims in state court because of prison restrictions on his access to the law library. (Doc. 1 at 11, 17). Durning fails to explain, however, how he was able to file his § 2254 petition on June 3, 2020, but not able to file a state postconviction motion raising the same claims. This allegation, therefore, fails to establish good cause for Durning's failure to exhaust.

Durning's prior motion to hold his petition in abeyance alleges that he did not exhaust his state court remedies before coming to federal court because he did not realize, until this court issued its July 28, 2020, service order, that he "had not

exhausted his state remedy." (Doc. 7 at 1). Durning's allegation is conclusively refuted by his acknowledgment *in the petition itself* that he had not exhausted his state court remedies. (*See* Doc. 1 at 11, 17). Durning's allegation also is refuted by the § 2254 form on which Durning filed his petition. The petition form warned Durning: "**ATTENTION:** *To proceed in federal court you must ordinarily first exhaust all available state court remedies on each ground raised in this petition.*" (Doc. 1 at 8). Durning, therefore, knew of the exhaustion requirement—and his failure to satisfy it—*before* he filed his § 2254 petition.

Because Durning has not satisfied the good cause requirement, the undersigned does not address the second and third prongs of the *Rhines* analysis. Durning is not entitled to a stay of this proceeding.

### IV. A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss (Doc. 11) be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Aaron Lee Durning*, Escambia County Circuit Court Case No. 2015-CF-5376, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Panama City, Florida, this 4th day of February, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they may be heard in an objection to this report and recommendation.**